IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, § § | |
| Plaintiff, § § | |
| v. § § | |
| BRIAN SCHMULEN, BRANDON MOTOR § CARS, INC., ULTIMATE MOTORS INC. § d/b/a FORT LAUDERDALE COLLECTION, § WILLIAM D. OLINGER, SANDRA T. § OLINGER, ED PULGAR d/b/a FLEET § MANAGEMENT SERVICES, and § WAYWARD ADVENTURES LLC, § § | Civil Action No. |
| Defendants § | |

**COMPLAINT FOR INTERPLEADER**

**COMES NOW** Plaintiff Continental Casualty Company ("Continental Casualty"), pursuant to 28 U.S.C. § 1335, and files this its Complaint for Interpleader against Brian Schmulen, Brandon Motor Cars, Inc., Ultimate Motors Inc. d/b/a Fort Lauderdale Collection, William D. Olinger, Sandra T. Olinger, Ed Pulgar d/b/a Fleet Management Services, and Wayward Adventures LLC, showing this Honorable Court as follows:

**GENERAL ALLEGATIONS**

1.  On April 7, 2013, under duly issued bills of lading, Turbohoses, Inc. was transporting six (6) luxury automobiles when the trailer caught fire, causing varying degrees of damage to each of the following automobiles: (1) a 2013 BMW M5 owned by defendant, Brian Schmulen; (2) a 1960 Porsche 356 Roadster owned by defendant, Brandon Motor Cars, Inc.; (3) a 2013 Ferrari Coupe Model 458 owned by defendant, Ultimate Motors Inc., d/b/a Fort Lauderdale Collection; (4) a 2006 Mercedes CLK Roadster owned by defendants William D.

Olinger and Sandra T. Olinger; (5) a 2012 Mercedes S600 owned by defendant Ed Pulgar d/b/a Fleet Management Services; and (6) a 2009 Nissan GTR owned by defendant, Wayward Adventures LLC

2.      Turbohoses, Inc. is insured under a motor truck cargo legal liability insurance policy issued by Continental Casualty, policy number 4033054648 (the "Policy").  The Policy provides that Continental Casualty will cover Turbohoses, Inc.'s "legal liability for the direct physical loss or damage to covered property from a covered cause of loss that [Turbohoses, Inc.] become[s] legally obligated to pay as a motor carrier under a written bill of lading. . ."  The Policy provides for a limit of insurance for property in, on or while being loaded or unloaded from a "vehicle" in the amount of $350,000 per "vehicle," defined to mean "any one vehicle, truck, tractor or trailer."  See a copy of the Policy attached hereto as **Exhibit "1-A."**

3.      On April 8, 2013, Turbohoses, Inc. submitted a claim under the Policy in connection with the loss.  See Notice of Loss attached hereto as **Exhibit "1-B."**

4.      Continental Casualty has accepted liability under the Policy to Turbohoses, Inc. for its legal liability, if any, to defendants arising out of the fire up to the applicable per "vehicle" limit of insurance of $350,000.

5.      Continental Casualty has obtained an appraisal for the damage to the 2013 BMW M5 owned by defendant, Brian Schmulen, in the amount of $6,385.59.  See BMW Innovation Auto Appraisal attached hereto as **Exhibit "1-C."**  Defendant, Brian Schmulen, disputes the appraised amount and has made demand upon Continental Casualty for $91,000.  See Email Correspondence attached hereto as **Exhibit "1-D."**

6.      Continental Casualty has obtained an appraisal for the damage to the 1960 Porsche 356 Roadster owned by defendant, Brandon Motor Cars, Inc., in the amount of

$122,788.50.  See Porsche Innovation Auto Appraisal and CCC Valuescope Market Report attached hereto as **Exhibit "1-E."**  Brandon Motor Cars, Inc. has made demand upon Continental Casualty for $130,289.  See Email Correspondence attached hereto as **Exhibit "1-F."**

7. Continental Casualty has obtained an appraisal for the damage to the 2013 Ferrari Coupe Model 4 owned by defendant, Ultimate Motors Inc. d/b/a Fort Lauderdale Collection, in the amount of $267,500.  See Ferrari Innovation Auto Appraisal attached hereto as **Exhibit "1-G."**  Ultimate Motors Inc. d/b/a Fort Lauderdale Collection has made demand upon Continental Casualty for $267,500.  See Affidavit of Greg Hunger attached hereto as **Exhibit "1."**

8. Continental Casualty has obtained an appraisal for the damage to the 2006 Mercedes CLK Roadster owned by defendants, William D. Olinger and Sandra T. Olinger, in the amount of $26,944.  See 2006 Mercedes Innovation Auto Appraisal attached hereto as **Exhibit "1-H."**  William D. Olinger and Sandra T. Olinger have made demand upon Continental Casualty for $80,000.  See Affidavit of Greg Hunger attached hereto as **Exhibit "1."**

9. Continental Casualty has obtained an appraisal for the damage to the 2012 Mercedes S600 owned by defendant, Ed Pulgar d/b/a Fleet Management Services, in the amount of $177,615.50.  See 2006 Mercedes Innovation Auto Appraisal attached hereto as **Exhibit "1-I."**  Ed Pulgar d/b/a Fleet Management Services has made demand upon Continental Casualty for $177,616.  See Affidavit of Greg Hunger attached hereto as **Exhibit "1."**

10. Continental Casualty has obtained an appraisal for the damage to the 2009 Nissan GTR owned by defendant, Wayward Adventures LLC in the amount of $62,936.60.  See 2009 Nissan GTR CCC One Market Valuation Report attached hereto as **Exhibit "1-J."**  Wayward Adventures LLC has made demand upon Continental Casualty for $300,000.  See Email Correspondence attached hereto as **Exhibit "1-K."**

## DEFENDANTS

11. Continental Casualty repeats paragraphs 1 through 10 above and incorporates them herein and by reference.

12. Brian Schmulen is a Texas resident residing in Houston, Harris County, Texas, and is subject to the jurisdiction and venue of this Court. Defendant Brian Schmulen has a claim to the Continental Casualty funds described above that is conflicting with the claims of the other defendants herein.

13. Upon information and belief, Brandon Motor Cars, Inc. is a company doing business in Florida with its principal place of business in Lake Park, Palm Beach County, Florida, and is subject to the jurisdiction and venue of this Court. Defendant Brandon Motor Cars, Inc. has a claim to the Continental Casualty funds described above that is conflicting with the claims of the other defendants herein.

14. Ultimate Motors Inc. d/b/a Fort Lauderdale Collection is a Florida corporation with its principal place of business in Pompano Beach, Broward County, Florida, and is subject to the jurisdiction and venue of this Court. Defendant Ultimate Motors Inc. d/b/a Fort Lauderdale Collection has a claim to the Continental Casualty funds described above that is conflicting with the claims of the other defendants herein.

15. William D. Olinger is a Florida resident residing in Gainesville, Alachua County, Florida, and is subject to the jurisdiction and venue of this Court. Defendant William D. Olinger has a claim to the Continental Casualty funds described above that is conflicting with the claims of the other defendants herein.

16. Sandra T. Olinger is a Florida resident residing in Gainesville, Alachua County, Florida, and is subject to the jurisdiction and venue of this Court. Defendant Sandra T. Olinger

has a claim to the Continental Casualty funds described above that is conflicting with the claims of the other defendants herein.

17. Ed Pulgar d/b/a Fleet Management Services is a Florida resident residing in Doral, Miami-Dade County, Florida, and is subject to the jurisdiction and venue of this Court. Defendant Ed Pulgar d/b/a Fleet Management Services has a claim to the Continental Casualty funds described above that is conflicting with the claims of the other defendants herein.

18. Wayward Adventures LLC is a Montana limited liability company with its principal place of business in Missoula, Missoula County, Montana, and is subject to the jurisdiction and venue of this Court. Defendant Wayward Adventures LLC has a claim to the Continental Casualty funds described above that is conflicting with the claims of the other defendants herein.

## JURISDICTION

19. Continental Casualty repeats paragraphs 1 through 18 above and incorporates them herein and by reference.

20. This is an action arising under the provisions of the Federal Interpleader Act, Title 28, United States Code, §§ 1335, 1397 and 2361, to compel all of the defendants to interplead their claims herein and to preserve the proceeds of the Continental Casualty Policy for distribution to the defendants.

21. Continental Casualty is an Illinois corporation with its principal place of business in Chicago, Illinois.

22. Jurisdiction is conferred on this Court under 28 U.S.C. § 1335, since two or more of the adverse claimants to the stake (the insurance policy proceeds of the Continental Casualty

Policy) are of diverse citizenship, the amount at issue exceeds $500, and Continental Casualty will deposit the amount of $350,000 into the registry of the Court.

## VENUE

23. Continental Casualty repeats paragraphs 1 through 22 above and incorporates them herein and by reference.

24. Venue is appropriate in the United States District Court, Southern District of Florida, because at least one of the adverse claimant defendants is a citizen of this judicial district under 28 U.S.C. § 1397.

## CAUSE OF ACTION FOR INTERPLEADER

25. Continental Casualty repeats paragraphs 1 through 24 above and incorporates them herein and by reference.

26. As described above, numerous claims have been brought against the Continental Casualty Policy alleging Turbohoses, Inc.'s legal liability.

27. Upon information and belief, the total amount of defendants' claims exceeds or will exceed the $350,000 limit of the Continental Casualty Policy.

28. Continental Casualty reasonably fears that if it pays any of the defendants, it will be subjected to duplicate liability for the same amounts from another defendant.

29. Continental Casualty claims no right, title or interest to the proceeds from the Policy.

30. Continental Casualty cannot determine which of the defendants is entitled to the proceeds of the Policy, or the amount of the proceeds to which each defendant is entitled.

31. Continental Casualty shall deposit the full amount of the proceeds into the Court registry.

32. Unless these claimants are required to interplead and make their respective claims to said insurance proceeds, Continental Casualty will be unable to efficiently respond to, resolve and/or satisfy each of the defendants, to the detriment of itself, its insured and defendants.

33. This matter therefore falls within the purview of 28 U.S.C. § 2361, which provides this Court with express process over all of the defendants and further allows this Court to enter an order restraining the defendants from instituting or prosecuting any proceeding in any State or United States court that affects the available limits of the Continental Casualty Policy.

34. On the filing of this Complaint, Continental Casualty is simultaneously filing with the Court a Motion to Deposit Interplead Funds and is requesting that the Court order Continental Casualty to deposit the proceeds of the Policy in the amount of $350,000 into the Registry of this Court.

**WHEREFORE**, Continental Casualty respectfully requests of this Honorable Court as follows:

(a) That Continental Casualty be allowed to pay into the Registry of this Court the sum of $350,000;

(b) That upon payment of said sum, Continental Casualty be dismissed from this action and discharged from all liability;

(c) That Brian Schmulen, Brandon Motor Cars, Inc., Ultimate Motors Inc. d/b/a Fort Lauderdale Collection, William D. Olinger, Sandra T. Olinger, Ed Pulgar d/b/a Fleet Management Services, and Wayward Adventures LLC be made parties to this action in accordance with Continental Casualty's Complaint for Interpleader;

(d) That Brian Schmulen, Brandon Motor Cars, Inc., Ultimate Motors Inc. d/b/a Fort Lauderdale Collection, William D. Olinger, Sandra T. Olinger, Ed Pulgar d/b/a

Fleet Management Services, and Wayward Adventures LLC be required to interplead and file their respective claims to said insurance proceeds in this action and not otherwise;

(e) That Brian Schmulen, Brandon Motor Cars, Inc., Ultimate Motors Inc. d/b/a Fort Lauderdale Collection, William D. Olinger, Sandra T. Olinger, Ed Pulgar d/b/a Fleet Management Services, and Wayward Adventures LLC be restrained from instituting any action against Continental Casualty for recovery of the remaining amount of the aforementioned motor truck cargo legal liability insurance policy or any part thereof.

(f) That this Court enter an Order that awards Continental Casualty its costs and attorney's fees in bringing this Interpleader action as a disinterested stakeholder.

Respectfully submitted,

/s/ Michael B. Stein
Michael B. Stein
Florida Bar No. 478962
COLLIAU CARLUCCIO KEENER MORROW
    PETERSON & PARSONS
4631 Woodland Corporate Blvd.
Suite 315
Tampa, Florida 33614
(813) 880-5165
(312) 260-6859 – Facsimile
Michael.Stein@cna.com

**ATTORNEYS FOR PLAINTIFF
CONTINENTAL CASUALTY COMPANY**